UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TERRENCE BLOODSAW                                CIVIL ACTION

VERSUS                                           NO: 10-4163

DIAMOND OFFSHORE MANAGEMENT                      SECTION: R
COMPANY

### ORDER AND REASONS

The parties have filed proposed jury instructions,[1] objections,[2] and pretrial memoranda.[3] The Court has explicitly or implicitly included most of the parties' proposed instructions. The Court now rules on the parties' objections and those instructions that the Court will not include in its final charge.

**A.  Punitive Damages for Unseaworthiness**

Plaintiff requests a jury charge on punitive damages for his unseaworthiness claim. The Fifth Circuit, relying on the "uniformity principal" of *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), has held that a seaman may not recover non-pecuniary damages against either his employer or a non-employer. *Scarborough v. Clemco Indus.*, 391 F.3d 660, 668 (5th Cir. 2004). Since *Scarborough*, the Supreme Court has held that a seaman may

---

[1] R. Docs. 72, 82.

[2] R. Doc. 88

[3] R. Doc. 73.

recover punitive damages for an employer's arbitrary withholding of maintenance and cure. *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 424-25 (2009). Though *Townsend* gives hope to a seaman wishing to obtain punitive damages for an unseaworthiness claim, "this Court cannot assume the Fifth Circuit has changed its position on personal injury claims falling outside the scope of *Townsend*." *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, 2011 WL 4575696, at *11 (E.D. La. Sept. 30, 2011). Accordingly, courts in this circuit have held that punitive damages are not available to a seaman for a claim of unseaworthiness. *See, e.g., Snyder v. L&M Botruc Rental, Inc.*, No. 12-0097, 2013 WL 594089, at *6 (E.D. La. Feb. 15 2013); *see also Anderson v. Texaco, Inc.*, 797 F. Supp. 531, 534-536 (E.D. La. 1992) ("*Miles* compels the conclusion that a plaintiff who is statutorily barred from receiving a punitive award cannot recover punitive damages by couching his claim in the judge-made general maritime law of negligence and unseaworthiness."); *Howard v. Atl. Pac. Marine Co.*, No. 89-3073, 1992 WL 55487, at *2 (E.D. La. Feb. 28, 1992).

In *Townsend*, the Supreme Court stated that "[t]he reasoning of *Miles* remains sound." *Townsend*, 557 U.S. at 420. Accordingly, in light of *Scarborough*, this Court is unwilling to give a punitive damages instruction for unseaworthiness claims unless the Fifth Circuit changes course. The jury will not be instructed

on punitive damages, except as they apply to defendants' withholding of maintenance and cure.

**B.   Advance Payment Reduction**

Defendants argue that the jury should be instructed to reduce any amount it awards to Bloodsaw in past lost wages by any advance on wages that defendants paid to him during his time off work. Defendants rely on *Cunningham v. Noble Drilling, Corp.*, for this proposition. 2002 WL 31528444, at *1 (E.D. La. Nov. 12, 2002). In *Cunningham*, the parties had stipulated to the amount of advanced wages. Here, defendants have not stated that there is a stipulation as to the amount of advanced wages that was "an advance on any claim for wages." *Id.* at *1. The Court will instruct the jury as follows: "[p]laintiff may be entitled to damages for any wages he would have earned less any wages that defendant has already paid him." To the extent that the parties cannot stipulate to any advance payment amount, the jury will decide the amount.

**C.   Seaman's Duty**

Defendants request the Court to instruct the jury that they may not be held liable "when an injury arises solely from the ordinary and normal activities or risks of a seaman's . . . work in the absence of proof that the injury complained of was caused by the employer's . . . negligence."[4] That defendants must be

---

[4] R. Doc. 72-1 at 12.

negligent to be liable is explicitly included in the Court's charge on Jones Act Negligence. *See* Fifth Circuit Pattern Jury Instructions (Civil), § 4.4 (2006). *Roulston v. Yazoo River Towing, Inc.*, relied on by defendants, does not alter the standard for Jones Act negligence. 418 F. Supp. 2d 851, 854-55 (S.D. Miss. 2006). The Fifth Circuit pattern instruction on negligence is exhaustive, and defendants' proposed charge is cumulative. Accordingly, the Court will not include this instruction in its final charge to the jury.

**D.  Aggravation Instruction**

Defendants request an expanded jury instruction on Bloodsaw's preexisting injury. Specifically, defendants request an instruction that the jury award only damages for the aggravation of any preexisting injury. The substance of defendants' proposed charge is captured by the Fifth Circuit pattern instruction, which will be included in the jury charge. The Court finds that the Fifth Circuit pattern instruction is sufficient and that defendants' language is cumulative. *See* Fifth Circuit Pattern Jury Instructions (Civil), § 15.5 (2006).

**E. Future Medical Expenses**

Defendants object to plaintiff's proposed verdict question on future medical expenses.[5] They assert that "there is no

---

[5] R. Doc. 88 at 3.

evidence to support an award of future medical expenses in this case." Plaintiff listed "future medical expense" as a contested issue of fact in the pretrial order.[6] The Court reserves ruling on this issue until plaintiff has had an opportunity to present evidence on it.

New Orleans, Louisiana, this 19th day of August, 2013.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[6] R. Doc. 54 at 9.